COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-197-CR

DESSIE ANN GOODSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

The question presented by this appeal is whether the trial court must notify an appellant when the court of appeals issues its mandate.  We answer “no” and affirm the trial court’s judgment.

Background

On February 12, 2004, a jury convicted Appellant of the felony offense of terroristic threat.  The trial court placed Appellant on community supervision for six years.  Appellant reported to the community supervision intake office that same day.  Her appointed attorney later filed a notice of appeal.  On March 24, 2005, this court issued its judgment and opinion affirming Appellant’s conviction.
(footnote: 1)  We issued our mandate on August 2, 2005.  Our own records indicate that the mandate was mailed to the trial court clerk and the attorneys of record, including Appellant’s counsel of record for that appeal.
(footnote: 2) 

On November 23, 2005, the State filed a motion to revoke Appellant’s community supervision because, among other things, she failed to report to her community supervision officer after this court issued its mandate.  At the revocation hearing, Appellant argued that she did not report to the community supervision officer because she did not know that our mandate had issued. 

Peggy Carr, the assistant director of the Denton County Probation Department, testified that she telephoned Appellant on September 2, 2005, at the number listed in the Department’s database, asked to speak to Appellant, and told her that the mandate had issued and she needed to report to the Department’s intake office.  During the phone call, the person who identified herself as Appellant said she would not comply with the terms of community supervision and contested the validity of the trial court’s judgment because it supposedly recited the wrong trial court number—an argument that Appellant herself made when she testified at the revocation hearing, suggesting that the person to whom Carr spoke was indeed Appellant.  Chris Herod, a Department intake officer, testified that he attempted to telephone Appellant on four occasions in September 2005, but no one answered the phone.  He then mailed a letter to Appellant on September 21, but Appellant never replied.  Appellant denied having received Carr’s phone call or Herod’s letter.  She said that by September 2005, she had moved away from the address she had given to the Probation Department at the time of her conviction. 

The trial court found that Appellant had violated the terms of her community supervision and sentenced her to six years’ imprisonment. 

Discussion

In one point, Appellant argues that the trial court erred by finding that she violated the terms of her community supervision without first serving her with a copy of our mandate.  Appellant contends that unless and until the trial court notified her of the mandate, she did not have to abide by the conditions of her community supervision.  We disagree.

When a defendant is placed on community supervision and appeals the conviction, the terms of community supervision do not commence until the trial court clerk receives the appellate mandate.  
Surety Corp. of Am. v. State
,  550 S.W.2d 689, 690 (Tex. Crim. App. 1977) (citing 
Delorme v. State
, 488 S.W.2d 808, 809 (Tex. Crim. App. 1973)).  Rule 18.1 provides that the clerk of the court of appeals must send the mandate to the trial court clerk and to all parties to the proceeding.  
Tex. R. App. P. 
18.1.  Rule 51.2(a) imposes two duties on the trial court clerk upon receipt of the mandate:  The clerk must (1) send an acknowledgment to the appellate clerk and (2) immediately file the mandate.  
Tex. R. App. P.
 51.2(a).  Rule 51.2 also imposes a duty on the trial court when its judgment is affirmed, but only when the judgment contains a sentence of confinement that has not been suspended and the defendant is not in custody; in that event, the trial court must promptly issue a capias for the defendant’s arrest.  
Tex. R. App. P.
 51.2(b).  Nothing in the rules requires the trial court or the trial court clerk to notify a defendant of an appellate mandate.  
See
 
also Brantley v. State
, No. 07-98-0388-CR, 1999 WL 250745, at *1 (Tex. App.—Amarillo Apr. 28, 1999, no pet.) (not designated for publication) (reaching same conclusion when analyzing an argument almost identical to Appellant’s).

Appellant relies on 
Hamilton v. State
 for the proposition that community supervision does not necessarily begin when the trial court clerk receives the mandate.  
See Hamilton v. State
, No. 14-96-00852-CR, 1998 WL 148321, at *2-3 (Tex. App.—Houston [14th Dist.] Apr. 2, 1998, pet. ref’d) (not designated for publication).  The unusual facts of 
Hamilton
 are distinguishable from Appellant’s case.  In 
Hamilton
, the defendant refused to sign the conditions of his five-year community supervision sentence at the time of sentencing because he was appealing his conviction.  
Id
. at *1.  When the trial court received the appellate mandate, the defendant returned to court to sign the conditions, but for reasons not explained in the opinion, was allowed to leave the courtroom without having signed them.  
Id.  
Five years later, the defendant was apprehended, returned to court, and signed the conditions.  
Id.
  When the State moved to revoke his community supervision sometime later, the defendant argued that his community supervision commenced when the trial court received the mandate and that he had served his entire five-year sentence before the State filed its motion to revoke.  
Id.  
The court of appeals held that the defendant’s term of community supervision began when he actually signed the contractual conditions five years after the mandate issued.  
Id
. at *3.  In our case, Appellant signed the conditions of community supervision on the date of sentencing, February 12, 2004.  Thus, the unusual factors presented by 
Hamilton
 are not present here, and Appellant’s term of community supervision began when the trial court clerk received our mandate.

Finally, Appellant argues that by revoking her community supervision without first notifying her of our mandate, the trial court deprived her of the fundamental fairness necessary to the due administration of justice guaranteed by the federal and Texas constitutions.  
See 
U.S. 
Const. Amend
 IV; 
Tex. Const. 
Art. I, § 3.  The record reflects that the trial court clerk discharged the duties imposed by the rules of appellate procedure.  Moreover, our own records show that a copy of the mandate was sent to Appellant’s attorney as required by rule 18.  Finally, Carr’s and Appellant’s testimony at the revocation hearing support the conclusion that Carr actually spoke to Appellant and told her that the mandate had issued.  Under these circumstances, we decline to hold that the revocation process fell short of fundamental fairness.

We overrule Appellant’s sole point, and we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  March 29, 2007

FOOTNOTES
1:
Goodson v. State
, No. 02-04-00210-CR, 2005 WL 675518 (Tex. App.—Fort Worth March 24, 2005, no pet.) (not designated for publication).

2:
An appellate court may judicially notice its own records in the same or related proceeding involving the same or nearly the same parties.  
Turner v. State
, 733 S.W.2d 218, 221-22 (Tex. Crim. App. 1987).