Affirmed and Memorandum Opinion
filed November 17, 2009.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00930-CR



Lewis W. Barnes, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 486906



 

MEMORANDUM OPINION 

Appellant Lewis W. Barnes pleaded guilty to attempted
capital murder and was sentenced to forty years’ incarceration.  Twenty years
later, appellant filed a motion for post-conviction DNA analysis, which was
denied by the trial court.  In a single issue, appellant asserts that the trial
court abused its discretion by refusing to appoint counsel to assist him with
his motion for post-conviction DNA analysis.  We affirm.

I.  Background

In November 1987, appellant pleaded guilty to
attempted capital murder and, pursuant to a plea agreement with the State, was
sentenced to forty years’ incarceration.  On January 7, 2008, appellant
requested appointment of counsel pursuant to Chapter 64 of the Texas Code of
Criminal Procedure, but the trial court denied this request.  See Barnes v.
State, No. 14-08-00304-CR, 2008 WL 1991777 (Tex. App.—Houston [14th Dist.]
May 8, 2008, no pet.) (mem. op., not designated for publication).  He attempted
to appeal the trial court’s denial of his request for counsel.  Id.  But
on May 8, 2008, this court dismissed his appeal for want of jurisdiction
because his notice of appeal was filed late and his appeal did not fall within
any of the exceptions to the general rule that appeal may be taken only from a
final judgment.  Id.  One of these exceptions is that an appeal may be
taken from the trial court’s denial of a motion for post-conviction DNA
testing.  Id. (citing Tex. Code
Crim.  Proc. Ann. art. 64.05 (Vernon 2006)).

On August 11, 2008, appellant filed a pro se motion
for post-conviction forensic DNA testing, in which he stated, among other
things, that “an UZI machine gun” and ammunition from his 1987 conviction had
not been subjected to DNA testing because DNA testing was not available in
1987.  He renewed his request for the appointment of counsel at the end of his
motion.  The trial court denied this motion on August 26, 2008.  Appellant
filed a pro se notice of appeal on September 16, 2008.  This court abated his
appeal in October 2008 for a hearing to determine whether appellant desired to
continue his appeal, and if so, whether he was indigent and entitled to
appointment of counsel.  The trial court conducted a hearing pursuant to the
abatement order in November and found that (1) appellant desired to prosecute
his appeal, (2) appellant was indigent, and (3) appellant was entitled to
appointed counsel and a free record to prosecute his appeal.  The trial court
then appointed counsel to represent appellant in prosecuting his appeal, and
this appeal was reinstated.




 

II.  Issue Presented

In a single issue, appellant contends that the trial
court abused its discretion by refusing to appoint counsel to assist him in
seeking post-conviction forensic DNA testing.

III.  Analysis

Article 64.01(c) provides that a trial court

shall appoint counsel for the convicted person if the
person informs the court that the person wishes to submit a motion under
[Chapter 64], the court finds reasonable grounds for a motion to be filed,
and the court determines that the person is indigent.

Tex. Code Crim. Proc. Ann. art.  64.01(c) (Vernon Supp. 2008)
(emphasis added).  The legislature has not defined “reasonable grounds” within
the statute.  Other courts considering this issue have looked to the procedural
requirements of Chapter 64 to determine whether a defendant has established
“reasonable grounds” for a motion to be filed.  See Blake v. State, 208
S.W.3d 693, 695–96 (Tex. App.—Texarkana 2006, no pet.) (concluding that because
the trial court had evidence no biological material still existed to submit for
DNA testing, trial court properly denied appointment of counsel because there
were no reasonable grounds for a Chapter 64 motion to be filed); Lewis v.
State, 191 S.W.3d 225, 229  (Tex. App.—San Antonio 2005, pet. ref’d) (“Because
Lewis’[s] motion for post[-]conviction DNA testing fails to meet two of the
preconditions to obtaining DNA testing under Chapter 64, specifically that the
evidence still exists and that identity is or was an issue in the case, it also
fails to demonstrate ‘reasonable grounds for a motion to be filed.’”).  

At the time that the trial court denied appellant’s
initial request for appointed counsel,[1]
the only information before it was the request itself; appellant had not yet
filed his motion for post-conviction forensic DNA testing.  Appellant’s
“Request for Appointment of Counsel Pursuant to Article 64 of the Code of
Criminal Procedure” states:

COMES NOW, Defendant Lewis Wesely
[sic] Barnes . . . and request[s] appointment of counsel to assist Defendant in
obtaining an order for DNA testing from the court pursuant to Article 64.01(c),
Code of Criminal Procedure[.]  Defendant wishes to submit a Motion to Chapter
64 [sic] requesting DNA testing, because DNA was not available 64.01 1 (A) (i)
[sic], and defendant is ind[i]gent.  An affidavit of indigency is attached and
incorporated hereto [as] Exhibit 1.

The trial court denied this
request without stating a reason for the denial.  In his later-filed motion for
DNA testing, appellant again requested appointed counsel.  In this motion, as
stated above, appellant requested DNA testing on an UZI machine gun and
ammunition.  But appellant did not identify any evidence containing biological
material.  See Tex. Code Crim.
Pro. Ann. art. 64.01(a) (providing that convicted person may submit
motion for forensic DNA testing of evidence containing biological material).
 Instead, he complained that “tests” were run but no DNA analysis was
performed.  The tests to which appellant referred appear to be a gunshot
residue test on his hands and perhaps some sort of ballistics or finger print tests
on the machine gun,[2]
neither of which would be subject to forensic DNA testing.

            Because appellant
did not identify any evidence containing biological material in his motion for
post-conviction DNA testing, he did not demonstrate “reasonable grounds” for
the motion to be filed.  Cf. Blake, 208 S.W. 3d at 695–96; Lewis,
191 S.W.3d at 229.  Thus, the trial court was not required to appoint counsel
to represent him, and we overrule his sole issue on appeal.

IV.  Conclusion

Appellant has not established reasonable grounds to
file a motion for post-conviction forensic DNA testing.  We affirm the trial
court’s order.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
As noted supra, this court dismissed appellant’s appeal of the denial
this request for want of jurisdiction because appellant’s notice of appeal was
late and there was no appealable order in the record.  See Barnes, 2008
WL 1991777, at *1.  Since that dismissal, appellant has filed a motion for DNA
testing, which has been denied by the trial court and timely appealed.  The
State argues that there is no request for appointment of counsel in the record
for this appeal, but we may take judicial notice of the record of the prior
case, which contains the request.  See Ex parte Smith, 178 S.W.3d 797,
805 n.36 (Tex. Crim. App. 2005) (“The trial court (and this Court) may take
judicial notice of papers and pleadings filed in the case.”); Goodson v.
State, 221 S.W.3d 303, 304 n.2 (Tex. App.—Fort Worth 2007, no pet.) (noting
that appellate court may judicially notice its own records in the same or
related proceeding involving the same or nearly the same parties) (citing Turner
v. State, 773 S.W.2d 218, 221–22 (Tex. Crim. App. 1987) (en banc)). 
Moreover, as noted above, the motion for DNA testing itself contains another
request for the appointment of counsel.





[2]
Appellant states in his motion,

A weapon, UZI Machine Gun
along with ammunition which was not dusted for prints, which is [in] police
custody.  Biological test[s] were performed on Defendant[’]s hands, but were
not analyzed, because DNA was not available in 1987.

. . .

The police did an
examination of his hands so that they could determine whether he had fired a
gun or weapon.  The test[s] were not anal[y]zed.  The uzi machine gun w[as]
obtain[ed] by the police so that they could run test[s] and see who fired the
weapon.  The evidence collected forensic evidence [sic] that the weapon
contained but never anal[y]zed, because in 1987 they did not p[er]form[] DNA
testing.

In his affidavit, appellant
specifies that a “weapon and ammunition” should be subject to forensic DNA testing. 
He states, “There is a reasonable probability that . . . Forensic DNA Testing
will show that the weapon did not belong to me or will show that my prints are
not on the firing mechanism.”