**Dismissed and Majority and Dissenting Opinion filed April 3, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00618-CR
_____

## EX PARTE DAVID LORENZA JOYNER, Appellant.

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1310608**

# DISSENTING OPINION

I respectfully dissent because (1) this court has made an improper assumption of fact; and (2) Joyner's pretrial writ of habeas corpus alleges a constitutional impediment to prosecution that does not depend on his incarceration, so his imprisonment for another crime does not render his current appeal moot.

## I.      Improper Assumption of Fact

The State did not file a Motion to Dismiss, and our record in this case does not include information about Joyner's current imprisonment on another charge. Only by examining court files for another case, Cause No. 14-11-00807-CR, did we discover that

Joyner is currently imprisoned for another crime. This court has assumed that the David Lorenza Joyner in this appeal is the same person as the David Lorenza Joyner named in Cause No. 14-11-00807-CR. While I do not dispute that assumption, I would note that merely having the same name is insufficient proof of a prior criminal conviction. *Beck v. State*, 719 S.W. 2d 205, 210 (Tex. Crim. App. 1986); *Griffin v. State*, 181 S.W. 3d 818, 820 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The majority reviewed the clerk's record from Cause No. 14-11-00807-CR with the clerk's record in this case to confirm Joyner's identity. In my opinion, such a review is improper. *See Smith v. State*, 540 S.W. 2d 693, 697 n.4 (Tex. Crim. App. 1976) (op. on reh'g) (trial transcript from another trial is not properly part of the record on appeal and cannot be considered by an appellate court) (citing *Booth v. State*, 499 S.W. 2d 129, 135–36 (Tex. Crim. App. 1973)); *Pittman v. State*, 321 S.W. 3d 565, 571 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (same). While an appellate court can take judicial notice of its own records— such as the date a mandate issued in a case—a trial court clerk's record is not our own record and is just like a reporter's record from another case. *Compare Goodson v. State*, 221 S.W.3d 303, 304, n.2 (Tex. App.—Fort Worth 2007, no pet.) (date mandate issued) *with Pittman*, 321 S.W. 3d at 571 (trial transcript from a related case on appeal in the Fourteenth Court of Appeals).

## II. Can A Pretrial Writ of Habeas Corpus, Alleging a Facial Constitutional Challenge, Be Pursued While Imprisoned On Another Offense?

A defendant may use a pretrial writ of habeas corpus in very limited circumstances. First, the defendant may challenge the State's power to restrain him at all. Second a defendant may challenge the manner of his pretrial restraint, i.e., the denial of bail or conditions attached to bail. Third, the defendant may raise certain issues which, if meritorious, would bar prosecution. *Ex parte Smith*, 178 S.W. 3d 797, 801 (Tex. Crim. App. 2005) (per curiam).

A claim that a statute is unconstitutional on its face may be raised by pretrial writ of habeas corpus because if the statute is invalid, then the charging instrument is void. *Ex*

*parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Joyner's application for habeas corpus alleges that the Sex Offender Registration Statute is void for vagueness.[1] While it is difficult to tell from Joyner's application whether he is making a facial challenge or an "as applied" challenge, because appellant is *pro se* we should construe his allegations liberally and conclude that he is making a facial challenge. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 252 (1972) (per curiam); *Ex parte Benavides*, 801 S.W. 2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.).

The purpose of allowing such a pretrial writ is to prevent the prosecution of the offense entirely. The remedy would be dismissal of the indictment, not release from prison. *See Florio v. State*, 814 S.W. 2d 778, 784 (Tex. App.—Houston [14th Dist.] 1991), *aff'd*, 845 S.W.2d 849, 853 (Tex. Crim. App. 1992).

Even though appellant is in prison on another offense, he still remains subject to prosecution on this charged offense. The cases cited by the majority stand for the proposition that if a defendant is ultimately convicted of a crime while his pretrial application is pending as to that crime, then his habeas petition is moot. The facts of this case are different; appellant was not convicted of the crime of failure to register but, apparently, was convicted of theft. I would agree with the majority that imprisonment on another offense would moot any pretrial writ of habeas on the first two types of pretrial writ—for imprisonment or for denial of bail. *See Ex parte Smith*, 178 S.W. 3d at 801. But this pretrial writ falls into the third category—that of barring prosecution—and, in this case, our holding *could* bar prosecution on his current offense and therefore would not be moot.

In what appears to be a case of first impression, the majority holds that imprisonment on another offense will prevent us from deciding this issue. Suppose that the offense in our case was barred by limitations—a recognized use of the pretrial writ to

---

[1] This reporting statute has previously been held by our court not to be void for vagueness as applied. *Coronado v. State*, 148 S.W. 3d 607, 610 (Tex. App.—Houston [14th Dist.] 2004, no pet.)

bar prosecution. *See Ex parte Tamez*, 38 S.W. 3d 159, 160–61 (Tex. Crim. App. 2001). Would the majority penalize the appellant, forcing him to go to trial, when a pretrial writ of habeas corpus would have prevented the prosecution?

Similarly, a pretrial writ of habeas corpus is the appropriate remedy to review a claim of double jeopardy. *Apolinar v. State*, 820 S.W. 2d 792, 794 (Tex. Crim. App. 1991). The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S. Ct. 1892, 1897, 104 L. Ed. 2d 487 (1989), *abrogated on other grounds by Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997); *Ex parte Watkins*, 73 S.W. 3d 264, 268 (Tex. Crim. App. 2002). Under the majority's holding, a person in jail could not pursue a pretrial writ of habeas corpus for the second or third type of abuse. I do not believe that this is the law, as the following case history shows.

In *Preston v. State*, the court upheld a conviction for aggravated robbery. 1990 WL 119536, at *1 (Tex. App.—Houston [1st Dist.] Aug. 16, 1990, pet. ref'd) (not designated for publication). The jury had assessed punishment at 29 years. *Id.* From the appellate cause number, we know that the appeal was filed in 1989, leading to the conclusion that the defendant was convicted in 1989—or possibly December 1988— given the appellate time tables. *See* TEX. R. APP. P. 26.2(a)(1) (appeal in criminal case is perfected when defendant files notice of appeal within 30 days after the sentence is imposed); *S. Political Consulting, Inc. v. State*, 788 S.W.2d 452, 453 (Tex. App.— Houston [1st Dist.] 1990, no pet.) (citing identical provision under former appellate rule 41(b)). In that first trial, the defendant was charged with three counts of aggravated robbery. *Ex parte Preston*, 833 S.W. 2d 515, 516 (Tex. Crim. App. 1992). The State, without dismissing the other counts, presented only one of three counts of aggravated

4

robbery to the jury. *Id*. at 516–17.  Some time before or during the year 1990,[2] the State re-indicted the defendant on the remaining two counts and the defendant filed a pretrial writ of habeas corpus, alleging double jeopardy. *Id.* at 516.  The Court of Criminal Appeals held that the prosecution was barred by double jeopardy and remanded the case to the trial court "with orders to dismiss the prosecution." *Id.* at 518.  Given a jury sentence of 29 years in either 1988 or 1989, the defendant was lawfully in prison, *on another offense*, when he filed his double jeopardy claim.

By holding that Joyner's case is moot, the majority prevents Joyner from obtaining a judicial determination that his case should not be prosecuted at all.  Thus, Joyner must go to trial and then raise his issue again on appeal.  This would be a waste of judicial resources.  Accordingly, I dissent.


/s/     Tracy Christopher
Justice


Panel consists of Justices Frost, Brown, and Christopher.  (Brown, J., Majority).

Publish—TEX. R. APP. P. 47.2(b)

---

[2]     *See Ex parte Preston*, 801 S.W. 2d 604 (Tex. App.—Houston [1st Dist.] 1990), *rev'd*, 833 S.W. 2d 515 (Tex. Crim. App. 1992).  The appellate cause number in that case—No. 01-90-00607—indicates that the appeal was filed in 1990, leading to the conclusion that the re-indictment was between 1988 and 1990).