**Dismissed and Majority and Dissenting Opinions filed April 3, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-11-00618-CR
_____

### EX PARTE DAVID LORENZA JOYNER, Appellant

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1310608**

---

## MAJORITY OPINION

David Lorenza Joyner, pro se, filed a notice of appeal from the trial court's denial of his application for writ of habeas corpus. In his application, Joyner claimed he was being illegally restrained on charges of failure to comply with sex offender registration requirements.

After the filing of the notice of appeal in this case, Joyner was tried and convicted of theft in trial court cause number 1278852, which is appeal number 14-11-00807-CR in our court. An appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties. *See Turner v. State*, 733 S.W.2d 218, 221-22 (Tex. Crim. App. 1987), and *Goodson v. State*, 221 S.W.3d 303, 304, n. 2 (Tex. App. -- Fort Worth 2007, no pet.). In both this appeal and 14-11-00807-CR, the appellant is named David Lorenza Joyner, was born on the same date, and has the same SPN number. The appellant in both cases was convicted of the same four prior offenses.

Also, the appellant has filed pro se motions that have both appellate numbers on the motion. We therefore conclude David Lorenza Joyner is the appellant in appeal number 14-11-00807-CR and take judicial notice of our record in that appeal.[1]

Joyner is currently incarcerated pursuant to a judgment for theft as shown by the record in appeal number 14-11-00807-CR. His restraint of liberty is therefore unrelated to the charges made the subject of his application for writ of habeas corpus. Even if there were merit in his habeas corpus argument, it would provide no basis for the lifting of any restraint on his liberty. With the exception of double-jeopardy issues,[2] none of which were raised by Joyner, "pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Therefore, Joyner's contentions pertaining to pre-trial confinement are moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992); and *Danziger v. State*, 786 S.W.2d 723 (Tex. Crim. App. 1990). *See also Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App. -- Houston [14th Dist.] 1991, no writ) ("[w]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot" quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App. -- Houston [14th Dist.] 1990, no writ)).

For these reasons, the appeal is dismissed as moot.

/s/    Jeffrey V. Brown
Justice

Panel consists of Justices Frost, Brown, and Christopher. (Christopher, J., dissenting). Publish -- TEX. R. APP. P. 47.2(b)

---

[1] We respectfully disagree with the dissent that this is improper. In *Smith v. State*, 540 S.W.2d 693, 697 n. 4 (Tex. Crim. App. 1976) (op. on reh'g), the court did not consider testimony from a later trial that was attached to the appellant's brief. In *Pittman v. State*, 321 S.W.3d 565, 571 (Tex. App. -- Houston [14th Dist.] 2005, no pet.), this court declined to consider sworn grand jury testimony attached to an amicus curiae brief. Neither of these cases cited by the dissent are similar facts to the case at bar.

[2] *Ex parte Preston*, 833 S.W.2d 515, 516 (Tex. Crim. App. 1992), relied upon by the dissent, is one such case that falls within this exception.