

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00371-CV

IN THE MATTER OF L.W.

----------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY
TRIAL COURT NO. 38890-L

----------

## MEMORANDUM OPINION[1]

----------

Appellant L.W. appeals the trial court's order granting the State's application for the forced administration of psychoactive medication to her. We reverse the order and render a judgment denying the application.

On November 6, 2014, the State filed an application under section 574.104 of the health and safety code[2] for the forced administration of psychoactive medication to appellant. The application alleged that appellant was under a court

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. § 574.104 (West 2010).

order for inpatient mental health services that the trial court had issued in October 2014. Appellant sought a jury trial on the application, but the trial court found that she was not entitled to one and set a bench trial.

After the trial,[3] on November 18, 2014, the trial court entered an order granting the State's application. The court found, in part, that appellant was "under a court order to receive inpatient mental health services." The court authorized the administration of antipsychotics and decreed that the order would "expire[] upon the . . . termination of the court ordered temporary or extended mental health commitment." Appellant brought this appeal.

In her brief on appeal, appellant raises three issues: the trial court erred by denying her request for a jury trial, the trial court violated her due process rights by not giving proper notice of the bench trial, and the evidence was legally and factually insufficient to support the order. We need not resolve these issues because the trial court's order must be reversed on another basis. *See* Tex. R. App. P. 47.1; *Fox Entm't Grp., Inc. v. Abdel-Hafiz*, 240 S.W.3d 524, 532 n.7 (Tex. App.—Fort Worth 2007, pet. denied) (op. on reh'g).

---

[3]Counsel represented appellant at the trial; appellant did not attend, contending that she had not received proper notice. The State called Dr. William Beatty, a psychiatrist at the North Texas State Hospital, to testify about the merits of the application. He said that psychoactive medication would help appellant be less delusional about the effects of blood-pressure medication, and he opined that without taking the blood-pressure medication, appellant could risk a stroke or a heart attack.

Subchapter G of chapter 574 of the health and safety code applies to the "application of medication to a patient subject to a court order for mental health services." Tex. Health & Safety Code Ann. § 574.102 (West Supp. 2014). Section 574.106 of that code, under which the trial court issued the order here, states, in relevant part, that a court may "issue an order authorizing the administration of one or more classes of psychoactive medication to a patient who . . . is under a court order to receive inpatient mental health services." *Id.* § 574.106(a)(1) (West 2010); *see id.* § 574.110(a) (West Supp. 2014) ("[A]n order issued under Section 574.106 expires on the expiration or termination date of the order for temporary or extended mental health services in effect when the order for psychoactive medication is issued.").

The trial court found that appellant was under a court order to receive inpatient mental health services. But in a related appeal, we have reversed the trial court's order for inpatient mental health services and have ordered a new trial on that issue. *See In re L.W.*, No. 02-14-00338-CV, 2015 WL 135571, at *5 (Tex. App.—Fort Worth January 9, 2015, no pet. h.) (mem. op.).[4]

Without an existing, valid temporary order for inpatient mental health services, the trial court's order authorizing the forced administration of psychoactive medication cannot stand and must expire. *See* Tex. Health &

---

[4]We take judicial notice of the proceedings in the related appeal. *See Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("An appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties.").

Safety Code Ann. §§ 574.106(a)(1), .110(a); *State ex rel. R.J.R.*, No. 06-13-00054-CV, 2013 WL 3421942, at *7 (Tex. App.—Texarkana July 3, 2013, no pet.) (mem. op.) ("Because we reverse the trial court's order for inpatient mental health services, R.J.R. is not under a court order to receive mental health services. Therefore, the order authorizing the administration of psychoactive medication is invalid."); *State ex rel. R.G.*, No. 06-05-00148-CV, 2006 WL 240551, at *1 (Tex. App.—Texarkana Feb. 2, 2006, no pet.) (mem. op.) (holding similarly). Therefore, we reverse the trial court's order authorizing the administration of psychoactive medication and render a judgment denying the State's application.[5]

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

GABRIEL, J., dissents without opinion.

DELIVERED: January 15, 2015

---

[5]We do not intend to preclude the State from filing another application for the administration of psychoactive medication under section 574.104, should new circumstances warrant it. Trial on a new application could be considered together with the new trial that we have ordered on the application for inpatient mental health services. *See* Tex. Health & Safety Code Ann. § 574.104(d).

Also, our opinion does not foreclose the possibility of continued administration of such medication to appellant under other applicable law. *See, e.g.*, 25 Tex. Admin. Code §§ 414.403(9), .407(1), .410(a), (f) (2014).