**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 7, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00058-CR

---

## IN RE DANNY R. ALEJANDRO, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1003546**

---

## MEMORANDUM OPINION

On January 22, 2019, relator Danny R. Alejandro filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Maria T. Jackson, presiding judge of the 339th District Court of Harris County, to issue an order directing the Harris County District Attorney's Office to produce offense reports used in his trial for burglary of a habitation "as testimonial evidence against

him." Relator seeks the reports to use in preparation of a post-conviction application for writ of habeas corpus.

On January 2, 2019, the trial court appointed counsel to investigate relator's post-conviction claim related to his conviction for burglary of a habitation.[1] A criminal defendant is not entitled to hybrid representation. *Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); *Robinson v. State*, 240 S.W.3d 919, 222 (Tex. Crim. App. 2007). In the absence of a right to hybrid representation, relator has not presented anything for this court's consideration. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.3d 423, 425 n.1 (Tex. Crim. App. 1991).

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] This court affirmed relator's conviction on June 29, 2016. *See Alejandro v. State*, No. 14-05-00905-CR, 2006 WL 1766171 (Tex. App.—Houston [14th Dist.] June 29, 2006, pet. ref'd) (mem. op.) (not designated for publication). On January 10, 2019, relator's appointed counsel filed in relator's appeal a request for a copy of a complete record of relator's trial for burglary of a habitation. We may take judicial notice of our own records in a related proceeding involving the same or nearly the same parties. *See Weems v. State*, 550 S.W.3d 776, 778 n.1 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Therefore, we take judicial notice of the filing by relator's appointed counsel in the related appeal.