**DENIED and Opinion Filed October 7, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00692-CV

### IN RE DOUGLAS CLARENCE CROCKER JR., Relator

**Original Proceeding from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 199-83698-2020**
**(Magistrate Court Cause No. DCMAG-48043-2020)**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Douglas Clarence Crocker Jr. has filed a petition for writ of mandamus seeking to compel the trial court to rule on a writ of habeas corpus he alleges he filed on July 7, 2021. The writ application claims relator is confined as a result of an arrest for a misdemeanor offense for driving while intoxicated. Relator contends he is being denied due process of law and a speedy trial because no information charging him has been filed. We deny relief.

Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires

the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has filed a copy of the habeas application, a transmittal letter, and a copy of an order from the magistrate court finding no probable cause to hold him on the DWI charge and ordering his release from confinement. None of the documents, however, are certified or sworn copies as required by rules 52.3 and 52.7. Without a properly authenticated record, relator cannot show he is entitled to mandamus relief. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

Moreover, even if relator filed properly authenticated documents, the magistrate's order filed with his petition shows he is not restrained or confined because of the DWI arrest, and he admits in his transmittal letter addressed to the trial court that he is awaiting transfer from the county jail to state prison to begin serving time on an unrelated conviction. Without proof that relator is being restrained or confined as a result of the DWI arrest, relator is not entitled to seek habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (permitting person "confined on a charge of misdemeanor" to apply for habeas relief); *see also Ex parte Schmidt*, 109 S.W.3d 480, 482–83 (Tex. Crim. App. 2003) (interpreting article 11.09

as also allowing habeas relief where applicant is restrained on misdemeanor charge). Furthermore, relator's conviction and imprisonment for an unrelated conviction would render moot his habeas complaints about improper pretrial confinement. *Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App—Houston [14th Dist.] 2012, no pet.) (mem. op.). Without a basis to assert jurisdiction over a matter that is now moot, the trial court does not have a ministerial duty to entertain relator's habeas application. *See Joyner*, 367 S.W.3d at 738; *see also In re Holland*, No. 05-21-00435-CV, 2021 WL 4189954, at *1 (Tex. App.—Dallas Sept. 15, 2021, orig. proceeding) (mem. op.) (no showing of right to mandamus relief for failure to rule on pending motion where trial court lacks jurisdiction to rule on motion).

Concluding relator has not shown he is entitled to mandamus relief, we deny his petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210692F.P05

–3–