**Opinion issued November 17, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-22-00259-CR

———————————

## EX PARTE ANDREW PETE, Appellant

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1761902**

---

### MEMORANDUM OPINION

Appellant, Andrew Pete, challenges the trial court's order denying his pretrial applications for writ of habeas corpus.[1]  In his sole issue, appellant contends that the trial court erred in denying him pretrial habeas relief.

We dismiss the appeal for lack of jurisdiction.

---

[1]  *See* TEX. R. APP. P. 31.

## Background

In trial court cause number 1751814, a Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about May 1, 2014, "unlawfully, intentionally[,] and knowingly cause[d] the penetration of the sexual organ of" the complainant, "a person younger than fourteen years of age, by placing [his] finger . . . in the sexual organ of the [c]omplainant."[2] Further, in trial court cause number 1751815, a Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about April 1, 2015, "unlawfully, intentionally[,] and knowingly, cause[d] the penetration of the sexual organ of" the complainant, "a person younger than fourteen years of age, by placing [his] finger . . . in the sexual organ of the [c]omplainant."[3]

On March 8, 2022, appellant filed an application for writ of habeas corpus in each trial court cause number, asserting that he was being "illegally restrained and confined [a]t [the] Harris County Jail" because the "reprosecution of the State[']s cases(s) against him . . . violate[d] the Double Jeopardy Clause and [the] Equal Protection Clause found in the Fifth and Fourteenth Amendments of the United States Constitution."[4]

---

[2] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B), (e).

[3] *See id.*

[4] *See* U.S. CONST. amends. V, XIV.

On March 11, 2022, the trial court held a hearing on appellant's applications for writ of habeas corpus and denied his applications. On March 29, 2022, appellant filed his notice of appeal.

On September 15, 2022, while appellant's appeal from the trial court's denial of his pretrial applications for writ of habeas corpus was pending, a jury found appellant guilty of two separate felony offenses of aggravated sexual assault of a child in trial court cause numbers 1751814 and 1751815 and assessed his punishment at confinement for life for each offense, to run concurrently.

**Mootness**

In his sole issue on appeal, appellant argues that the trial court erred in denying him pretrial habeas relief because his "retrial" violated the Double Jeopardy Clause of the United States Constitution. *See* U.S. CONST. amend. V.

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). "Habeas corpus is by definition an extraordinary writ in which the restraint of one's liberty is challenged as illegal." *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.); *see also McGuire v. State*, 493 S.W.3d 177, 207–08 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). When "the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *State v. Golding*, 398 S.W.3d 745, 747 (Tex. App.—

Houston [1st Dist.] 2011, pet. ref'd); *see also McGuire*, 493 S.W.3d at 207–08.

Because habeas corpus is an extraordinary remedy, "[a]n appellate court should not entertain an application for writ of habeas corpus where there is an adequate remedy at law." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

Here, after filing his notice of appeal challenging the trial court's denial of his pretrial applications for writ of habeas corpus, appellant was tried and convicted by a jury of two separate felony offenses of aggravated sexual assault of a child in trial court cause numbers 1751814 and 1751815.[5] *See Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("An appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties.").

An appeal challenging the denial of a pretrial application for writ of habeas corpus is rendered moot when the appellant is convicted of the underlying offense before the appellate court rules on his appeal. *Martinez v. State*, 826 S.W.2d 620,

---

[5] In his brief, appellant states that his trial related to the two separate felony offenses of aggravated sexual assault of a child occurred in September 2022 and he was convicted in trial court cause numbers 1751814 and 1751815. Appellant has filed notices of appeal from the trial court's judgments of conviction in trial court cause numbers 1751814 and 1751815. Appellant's direct appeals are pending in this Court in appellate cause numbers 01-22-00674-CR and 01-22-00675-CR. *See Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("An appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties.").

620 (Tex. Crim. App. 1992); *In re Floyd*, No. 02-22-00094-CV, 2022 WL 885158, at *2 (Tex. App.—Fort Worth Mar. 25, 2022, no pet.) (mem. op., not designated for publication) (when trial court proceeds to trial, it renders moot defendant's pretrial habeas double-jeopardy complaint and interferes with appellate court's jurisdiction); *Darnell v. State*, No. 02-10-00208-CR, 2010 WL 5019589, at *1 (Tex. App.—Fort Worth Dec. 9, 2010, no pet.) (mem. op., not designated for publication); *Ward v. State*, No. B14-93-00065-CR, 1994 WL 2009, at *1 (Tex. App.—Houston [14th Dist.] Jan. 6, 1994, no pet.) (not designated for publication); *see also Ex parte Benjume*, No. 01-22-00123-CR, 2022 WL 4349851, at *1 (Tex. App.—Houston [1st Dist.] Sept. 20, 2022, no pet.) (mem. op., not designated for publication) ("When a[] [defendant] has a means to address [his] complaints by way of an appeal from [his] conviction, [his] appeal from the denial of pre-trial habeas relief may be dismissed.").

We hold that appellant's request for this Court to review the trial court's denial of his *pretrial* applications for writ of habeas corpus has been rendered moot because the trial that appellant had sought to avoid through a pretrial writ of habeas corpus has already occurred. *See Hubbard v. State*, 841 S.W.2d 33, 33–34 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (dismissing appeal from trial court's denial of pretrial application for writ of habeas corpus because defendant had been convicted of offense and could raise double-jeopardy complaint on direct appeal following his

conviction); *Saucedo*, 795 S.W.2d at 9 (defendant's appeal from trial court's order denying pretrial application for writ of habeas corpus rendered moot by defendant's conviction because defendant no longer confined based on process underlying his original detention and was then confined pursuant to judgment of conviction and sentence); *see also Ex parte Benjume*, 2022 WL 4349851, at *1 ("Because [defendant] is no longer subject to the challenged pretrial restraints and is now confined pursuant to the judgment of conviction and sentence, the trial court's ruling on [his] pretrial application for writ of habeas has been rendered moot."); *In re Floyd*, 2022 WL 885158, at *2 (when trial court proceeds to trial, it renders moot defendant's pretrial habeas double-jeopardy complaint and interferes with appellate court's jurisdiction); *Ex parte Barnes*, Nos. 05-02-0416-CR to 05-02-0419-CR, 2002 WL 1293008, at *3 (Tex. App.—Dallas June 13, 2002, pet. ref'd) (not designated for publication) ("[W]e cannot discharge [defendant] from the 'threat of prosecution' or preclude the State from relitigating any facts or issues [defendant] believes were determined in [another] case because he has already been prosecuted and no trial is pending [any longer]."); *De Lam v. State*, No. 01-98-00774-CR, 1998 WL 789180, at *1 (Tex. App.—Houston [1st Dist.] Nov. 6, 1998, no pet.) (not designated for publication) (dismissing defendant's appeal from trial court's denial of his pretrial application for writ of habeas corpus raising double-jeopardy complaint because defendant was convicted and his appeal was thus rendered moot);

*Chappell v. State*, No. 01-96-00762-CR, 1998 WL 385167, at *1 (Tex. App.—Houston [1st Dist.] July 9, 1998, no pet.) (not designated for publication) ("Because [defendant] ha[d] already been tried for [offense], his pre-trial application for writ of habeas corpus on double jeopardy grounds [was] moot.").

This Court cannot address moot issues because we lack jurisdiction to render advisory opinions. *See In re N.H.N.*, 580 S.W.3d 440, 443–44 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Ex parte Huerta*, 582 S.W.3d 407, 410–11 (Tex. App.—Amarillo 2018, pet. ref'd) ("A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions."); *McGuire*, 493 S.W.3d at 208 ("We cannot give any opinion on the merits underlying a moot habeas petition because such an opinion would be advisory only." (internal quotations omitted)). Appellant's appropriate remedy for his complaints, to the extent that they are not moot, lies by way of his direct appeals in appellate cause numbers 01-22-00674-CR and 01-22-00675-CR, which are currently pending in this Court. *See Hubbard*, 841 S.W.2d at 33–34; *see also Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex. Crim. App. 1980) ("[H]abeas corpus will not lie as a substitute for an appeal."); *Ex parte Benjume*, 2022 WL 4349851, at *1 ("When a[] [defendant] has a means to address [his] complaints by way of an appeal from [his] conviction, [his] appeal from the denial of pre-trial habeas relief may be dismissed."); *Ex parte Ainsworth*, Nos. 07-15-00091-CR, 07-15-00106-CR, 07-15-00107-CR, 07-15-00205-CR,

07-15-00206-CR, 07-15-00207-CR, 2016 WL 638477, at \*3 (Tex. App.—Amarillo Feb. 3, 2016, no pet.) (mem. op., not designated for publication) (after explaining defendant's appeal from trial court's denial of pretrial application for writ of habeas corpus had been rendered moot by trial court's judgments of conviction, noting defendant "was free to raise any remaining issues . . . in his direct appeals of the judgments"); *Saucedo*, 795 S.W.2d at 9 ("Since habeas corpus is an extraordinary remedy, ordinarily an application for writ of habeas corpus should not be entertained where there is an adequate remedy at law. . . . [Defendant] has an adequate remedy at law in that his contentions may be raised on direct appeal of his convictions.").

## Conclusion

We dismiss the appeal for lack of jurisdiction. We dismiss any pending motions as moot.

Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).