**Affirmed and Memorandum Opinion filed August 6, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00750-CR

## EX PARTE JOSHUA MCFERRAN, Appellant

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 93022-CR-B**

## MEMORANDUM OPINION

Appellant, Joshua McFerran, challenges the trial court's order denying his second application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.072, § 9. Appellant initially filed a brief that did not adequately acquaint the court with the issues in this case or present argument that would enable the court to decide the case. *See* Tex. R. App. P. 38.9. In response to the court's order requiring appellant to re-brief, appellant filed a motion for this court to consider the appeal on the record, which we granted. *See* Tex. R. App. P. 31.1. Having reviewed the record on appeal of appellant's second application for writ of habeas corpus, we affirm the trial court's order of denial.

## BACKGROUND

Appellant entered a plea of guilty to the offense of theft—aggregated. *See* Tex. Pen. Code § 31.03(e)(7) (elevating theft offense to a first degree felony if the value of the property stolen is $300,000 or more). The trial court deferred adjudication of guilt and placed appellant on deferred adjudication community supervision for three years. Approximately seven months later the State filed a motion to adjudicate appellant's guilt on the grounds that he committed three additional felony offenses while on community supervision. The record reflects that appellant did not appeal the order of deferred adjudication, and the motion to adjudicate is pending.

### Appellant's first application for writ of habeas corpus

On January 23, 2023, appellant filed his first application for writ of habeas corpus under Code of Criminal Procedure article 11.072.[1] In his first application, appellant asserted he is "a Bondservant of Jesus Christ signified by my trusteeship of the irrevocable ecclesiastic trust 'Kingdom of Amarna Christian Trust'" and was not "in contract with the State of Texas." Appellant essentially asserted the trial court lacked personal jurisdiction over him because he does not identify himself as Joshua McFerran, the individual who pleaded guilty. According to appellant's first application, the State violated his constitutional rights by (1) exercising unlawful authority over him in derogation of his "complete loyalty to no other authority than

---

[1] Appellant attempted to appeal the denial of his first application for writ of habeas corpus but did not file a timely notice of appeal. *McFerran v. State*, No. 14-23-00595-CR, 2023 WL 7513859, at *1 (Tex. App.—Houston [14th Dist.] Nov. 14, 2023, no pet.) (mem. op. not designated for publication). In reviewing the record in this appeal of appellant's second application for writ of habeas corpus, we take judicial notice of the record in appellant's prior attempted appeal. *See Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.) citing *Turner v. State*, 733 S.W.2d 218, 221–22 (Tex. Crim. App. 1987) ("An appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties.").

that of Lord Jesus Christ"; (2) interfering with his "rights of conscience in matters of religion"; and (3) forcing him into slavery.

In responding to appellant's application, the State attached a record of appellant's plea hearing in which he stated he pleaded guilty "freely and voluntarily" because he was guilty and for no other reason. Appellant further averred that he had not been threatened, had no "mental problems," and had not been "adjudged insane." Appellant told the trial court he had been admitted to a "mental hospital" six years earlier but stated on the record that he had no problems understanding the charges against him. Appellant further stated he understood the range of punishment was confinement for five to 99 years and that he understood the consequences of his plea.

On March 22, 2023, the trial court denied appellant's requested habeas relief finding appellant was "manifestly entitled to no relief." On July 19, 2023, the State filed a motion to adjudicate appellant's guilt, and on August 17, 2023, appellant filed a notice of appeal challenging the trial court's March 22, 2023 order. This court dismissed appellant's appeal as untimely. *McFerran v. State*, 2023 WL 7513859, at *1.

**Appellant's second application for writ of habeas corpus**

On August 24, 2023, appellant filed his second application for writ of habeas corpus under Code of Criminal Procedure article 11.072. In his second application, appellant argued that the trial court lacked personal jurisdiction over him because he (1) was not the Joshua McFerran who was charged in the indictment; (2) was not a citizen of the State of Texas; and (3) does not reside in Texas because its constitution does not contain "definition or a description of its boundaries." Appellant acknowledged in a later filing, on September 6, 2023, that he had filed a previous application for writ of habeas corpus.

In response to appellant's second application for writ of habeas corpus, the State asserted that appellant was not entitled to habeas relief because his second application for writ of habeas corpus was barred by article 11.072, section 9 as a "subsequent application for writ of habeas corpus." According to the State, appellant, in his first application for writ of habeas corpus, could have raised the arguments he raised in his second application and actually did raise those arguments. In his second application for writ of habeas corpus, appellant made the same or similar assertions about personal jurisdiction and the State's lack of authority over him. Relying on Code of Criminal Procedure article 11.072, section 9, the State asserted that appellant's second application for writ of habeas corpus, which was filed after the final disposition of his first application, could not be considered by the trial court because the application did not contain sufficient specific facts establishing that appellant's current claims and issues had not been and could not have been previously presented in the first application because the factual or legal basis for his claims was unavailable on the date he filed his first application. According to the State, appellant's claims in his second habeas application had been presented and disposed in his first application for writ of habeas corpus.

The trial court denied appellant's requested habeas relief stating its findings in a written order. Specifically, the trial court found:

> [A]rticle 11.072 § 9 of the Texas Code of Criminal Procedure bars consideration of this application.
>
> [T]he application does not contain sworn allegations of fact, which if true, would render the Applicant's confinement illegal; and
>
> [The application] does [not] contain any unresolved facts material to the Applicant's confinement.
>
> Appellant timely appealed the trial court's order.

4

**Standard of Review**

Generally, an applicant seeking post-conviction habeas relief must prove his claims by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing a trial court's decision to deny habeas relief, we view the facts in the light most favorable to the trial court's ruling and will uphold the trial court's decision absent an abuse of discretion. *See Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). The generally applied abuse-of-discretion standard is not appropriate when the trial court's decision does not turn on the credibility or demeanor of witnesses. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). When a trial court resolves an application for writ of habeas corpus on an issue of law, we review the trial court's ruling de novo. *See Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015). We will affirm the trial court's decision if it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001).

**Subsequent Application**

Article 11.072 normally restricts habeas applicants to just "one bite of the apple." *Ex parte Nelson*, 546 S.W.3d 742, 747 (Tex. App.—Houston [1st Dist.] 2018, no pet.). However, the statute provides a limited exception for subsequent applications:

> If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the

applicant filed the previous application.

Tex. Code Crim. Proc. art. 11.072, § 9(a).

Thus, to be entitled to relief under article 11.072, appellant had the burden of proving that the claims and issues in his subsequent application "have not been and could not have been presented previously in an original application . . . because the factual or legal basis for the claim was unavailable on the date [he] filed the previous application." *Id*.

A legal basis is previously unavailable when, at the time of the previous application, it was "not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date." Tex. Code Crim. Proc. art. 11.072, § 9(b). A factual basis is considered previously unavailable if it "was not ascertainable through the exercise of reasonable diligence on or before" the date of the previous application. *Id*. art. 11.072, § 9(c). The trial court's rejection of an applicant's first application for writ of habeas corpus is the triggering event for article 11.072, section 9's subsequent application restrictions. *Ex parte Nelson*, 546 S.W.3d at 747.

Here, appellant filed his first application for writ of habeas corpus on January 23, 2023, seeking habeas relief from the trial court's 2022 order of deferred adjudication placing appellant on community supervision. *See* Tex. Code Crim. Proc. art. 11.072, § 1. On March 22, 2023, the trial court denied appellant's first application for writ of habeas corpus. *See Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso 2016, pet. ref'd) (article 11.072, section 9's bar to subsequent applications for writs of habeas corpus apply after trial court considers and rejects initial article 11.072 application). On August 24, 2023, appellant filed his second application for writ of habeas corpus, also seeking habeas relief from the trial court's

6

2022 order of deferred adjudication placing appellant on community supervision. Appellant's second application for writ of habeas corpus is a "subsequent application" under Code of Criminal Procedure article 11.072, section 9. Thus, to be entitled to habeas relief related to his second application, appellant was required to overcome article 11.072, section 9's subsequent application restrictions by establishing, with "sufficient specific facts," that his claims in his second application had not been and could not have been presented previously in his first application for writ of habeas corpus because the factual or legal bases for the claims were unavailable on the date he filed his previous application. *See* Tex. Code Crim. Proc. art. 11.072, § 9(a); *Ex parte Nelson*, 546 S.W.3d at 747–48.

Appellant's second application for writ of habeas corpus does not contain any specific facts establishing that his claims of lack of personal jurisdiction were not, and could not have been, presented in his first application for writ of habeas corpus because of an unavailable factual or legal basis. *See id.* at 748 (holding trial court did not err in denying applicant's subsequent habeas application where applicant could not demonstrate that the factual basis of his claim was not ascertainable through the exercise of reasonable diligence before he filed the previous application). Instead, the majority of appellant's claims asserted in his second application were previously raised in his first application for writ of habeas corpus. To the extent that appellant raised any "new" claims in his second application for writ of habeas corpus, nowhere in his second application did appellant provide "sufficient specific facts" that his "new" claims "ha[d] not been and could not have been presented" in his first application "because the factual or legal basis for the claim was unavailable on the date [he] filed the previous application." *See* Tex. Code Crim. Proc. art. 11.072, § 9(a).

Because appellant did not meet his burden to show his claims in his second

application for writ of habeas corpus had not been and could not have been presented in his previously considered first application as the factual or legal bases for the claims were unavailable on the date he filed the first application, appellant failed to comply with Code of Criminal Procedure article 11.072, section 9, and we hold the trial court did not err in denying appellant habeas relief. *See Ex parte Nelson*, 546 S.W.3d at 748 (to be entitled to habeas relief under article 11.072 after first habeas application denied, applicant has burden of proving that claims in subsequent application had not been and could not have been presented in previous application).

## Conclusion

After a review of the record on appeal, we affirm the order of the trial court.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).